(117 App. Div. 458)

### BOLLER v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. February 8, 1907.)

CONTRACTS—CONSTRUCTION—COMPENSATION.

> Plaintiff agreed to furnish defendant plans for a viaduct and supervise the construction for "5 per cent. of the total cost of the construction," after the viaduct was completed and accepted, the contractors were paid a certain sum, and plaintiff rendered defendant a bill for 5 per cent. of the sum, was paid the same, and receipted the bill in full. Thereafter the contractors recovered judgment against defendant for the amount they had had to pay for building material for such viaduct, in excess of what they would have had to pay had defendant allowed them to commence and prosecute the work as provided in their contract. *Held*, that the amount of such judgment was not part of the cost of construction, on which plaintiff was entitled to a percentage.

> [Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, §§ 1045–1070.]

> Patterson, P. J., and Houghton, J., dissenting.

Appeal from Trial Term, New York County.

Action by Alfred P. Boller against the city of New York. From a judgment for plaintiff, entered on a decision after trial, defendant appeals. Reversed, and new trial ordered.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, HOUGHTON, and LAMBERT, JJ.

Terence Farley, for appellant.
L. Laflin Kellogg, for respondent.

McLAUGHLIN, J.   On the 1st of July, 1897, the plaintiff entered
into a contract with the mayor, aldermen, and commonalty of the city
of New York, by which he agreed "to furnish plans and working draw-
ings, with specifications therefor, prepare the same for public letting,
and supervise the construction and inspect the materials for the con-
struction of the viaduct connecting Melrose and Webster avenues,"
in consideration of the city paying to him "the sum of 5 per cent. of the
total cost of the construction of said viaduct."   On the 30th of Decem-
ber following, the city entered into a contract with the firm of Stevens
& O'Rourke, by which said firm agreed to construct the viaduct; but,
as this contract is not set forth in the record, we are unable to examine
its terms.   It appears, however, that the plaintiff furnished the plans
and specifications for the work, prepared the same for letting, super-
vised the construction, and inspected the materials for the viaduct, as
required by his contract; that the work required to be performed by
Stevens & O'Rourke was completed on the 13th of August, 1901, and
accepted by the city, and the contractors paid the sum of $166,298.09;
that on the 18th of October, 1901, the plaintiff rendered a bill to the
city for the balance due him under his contract, which was paid,
and the bill receipted in full; that subsequently Stevens & O'Rourke
recovered a judgment against the city, after a trial before a referee,
who found that the city had broken its contract with that firm, in that
it had failed to permit the firm to commence the work and prosecute
the same as provided in its contract, and that such delay had caused
the firm damage by reason of the advance in price of granite and iron,
to the amount of $53,824.06, for which sum, with interest, judgment
was directed; that thereafter the judgment was paid, and the plaintiff
in this action then presented a claim to the city for 5 per cent. of the
amount thereof, alleging that this was a part of the cost of the con-
struction of the viaduct, within the meaning of his contract; that the
claim was rejected, and this action brought.   At the conclusion of the
trial, by consent of parties, the jury was discharged and the case dis-
posed of by the trial judge, who found in favor of the plaintiff for the
full amount claimed, and defendant has appealed.

I am of the opinion the judgment should be reversed.   The plain-
tiff's contract was for 5 per cent. of the total cost of the construction
of the viaduct.   What did the parties have in mind when they agreed
upon this method of fixing the compensation?   Obviously the cost of
construction as contemplated by the plans, specifications, and drawings
made by plaintiff, and that this cost of construction was the amount
paid the contractors on completion of the work seems to have been the
view of the plaintiff himself.   He was paid from time to time as the
work progressed, and his receipt for the final balance, given October
18th, stated that it was "in full payment of the above account."   The
bill then presented and the receipt for payment thereof clearly indicate
the plaintiff's understanding as to the meaning of the contract.   Ste-
vens & O'Rourke had been paid the full contract price, and the plaintiff
had received 5 per cent. of the total cost of construction.   It is diffi-

cult to see how or in what way he could become entitled to any more. The fact that the city broke its contract by neglecting and refusing to permit the contractors to enter upon the work at the time specified in the contract, and for which they were awarded damages, did not, within a fair interpretation of the contract, make those damages a part of the cost of the construction of the viaduct, any more than would a recovery against the city for personal injuries, by reason of the negligence of the contractors while prosecuting the work, be a part of such cost.    Had the city refused to let Stevens & O'Rourke commence work on their contract at all, and such work had been done by another contractor, no one would seriously contend that damages recovered by that firm for a breach of the contract should be added to the price paid the second contractor to ascertain "the total cost of construction" on which plaintiff's 5 per cent. should be based, any more than they would contend that the plaintiff would not be entitled to anything if the city had interposed a counterclaim in the action brought by Stevens & O'Rourke for damages for breach of the contract on their part, and obtained a recovery equal to the amount agreed to be paid.    This plaintiff was entitled to 5 per cent. on the total cost of construction, and that he has had.    The recovery by Stevens & O'Rourke was for the damages sustained by the wrongful act of the city in breaking its contract.    It was not based upon the provisions of the contract, but upon a breach of it, which was not contemplated by either this plaintiff or the city when the contract in suit was made.    Gearty v. Mayor, 171 N. Y. 61, 63 N. E. 804.    The fact that such damages were measured by the increase in the price of articles entering into the construction of the viaduct makes them none the less damages.    The plaintiff was to receive for his work, as we have already seen, 5 per cent. of the cost of construction, and this amount could not be increased by reason of the contractors' recovery for a default on the part of the city which required this plaintiff to perform no additional labor, entailed upon him no extra expense, and did him no damage whatever.

The judgment appealed from, therefore, must be reversed, and a new trial ordered, with costs to appellant to abide event.

INGRAHAM and LAMBERT, JJ., concur.

HOUGHTON, J.    I dissent.    The contract of plaintiff with the defendant was that he was to have 5 per cent. on the total cost of the viaduct.    The defendant treated the judgment obtained against it by the contractor as an addition to the cost of the structure.    Defendant was authorized by law to issue bonds for the building of the viaduct. It paid the judgment by a sale of such bonds.    If the judgment had been for mere damages, it would have had no authority to do this, but must have paid it from the general funds of the city.    By its own interpretation of the transaction and of the contract, therefore, the amount represented by the judgment was an addition to the cost of the work.

I think the defendant is bound by this, and that the plaintiff is entitled to his percentage on the thus conceded total cost, and that the judgment should be affirmed.

PATTERSON, P. J., concurs.