HENRY A. SCHNEIDER, Appellant, *v.* CARL L. VIETOR, Respondent.

First Department, April 4, 1924.

Contracts — action for breach of contract of employment providing for renewal in case plaintiff established " proper business connections " for defendant in opening new department in his business — contract ambiguous — oral testimony admissible — question of fact as to due performance — plaintiff entitled to most favorable construction of contract — error to direct verdict for defendant.

A written contract providing for the employment of the plaintiff to go to London and thence to other places and negotiate arrangements in connection with a new department to be formed by the defendant " for the import and export, buying, selling and dealing in rubber," and further providing that said contract should be renewed " if proper business connections have been established " by the plaintiff " for the purposes herein above mentioned," is sufficiently ambiguous to admit of parol testimony as to the intentions of the parties, and in an action by the plaintiff to recover damages for a breach of the contract in that the defendant refused to renew the same, it was error for the court to direct a verdict for the defendant, since questions of fact were presented as to the

intentions of the parties and as to whether there was due performance on the part of the plaintiff in establishing "proper business connections."

The plaintiff was entitled to the most favorable construction of which the contract reasonably is susceptible, since the contract was drawn by the defendant.

APPEAL by the plaintiff, Henry A. Schneider, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 2d day of May, 1922, upon the verdict of a jury rendered by direction of the court.

*Abraham Tulin* [*Wolcott H. Pitkin* and *Morris L. Levine* with him on the brief], for the appellant.

*John Kirkland Clark,* for the respondent.

FINCH, J.:

The plaintiff sues for damages for breach of a written contract. The contract provided for the employment of the plaintiff, to go to London and thence to the Straits Settlements and Ceylon, and negotiate arrangements in connection with a new department to be formed by the defendant "for the import and export, buying, selling and dealing in rubber." Said employment by said contract was to terminate upon the return of the plaintiff to the United States within a period of approximately six months, with a provision for its renewal or continuation as follows:

"*Sixth.* It is further mutually agreed and understood that upon the return of the employee to the United States if proper business connections have been established by him for the purposes hereinabove mentioned, this contract shall be deemed to be renewed and extended for a further period of one year from the date of such return of the employee upon the terms hereinafter set forth."

The contract further provided that in the event of its renewal as aforesaid the defendant would establish a rubber department in its business and employ the plaintiff to manage the same.

The plaintiff proceeded to make business arrangements in England and the Far East, and claims under the 6th paragraph of the contract to be entitled to employment as therein provided. The defendant denies that proper business connections were established and hence contends that plaintiff acquired no right to further employment after his return.

It appears that the defendant also went to England, and the plaintiff and defendant there collaborated in the making of business arrangements with various firms, and as a result thereof several tentative agreements were submitted to the defendant by such firms; also that similar agreements were submitted to the defendant by firms with whom the plaintiff negotiated in the Far East.

40

First Department, April, 1924.       [Vol. 208

The plaintiff adduced testimony tending to show that the defendant declined to form the rubber department, not because the arrangements made by the plaintiff were unsatisfactory, but that because of changed conditions in the rubber trade they did not wish to enter that line of business. The plaintiff also testified that at no time while the defendant was working with him in England did he object to the arrangements which the plaintiff was negotiating or express dissatisfaction therewith, but on the contrary that he approved of the same. The defendant, on the other hand, testified that he did object and that the arrangements which were contemplated by the contract were such as would permit the defendant to act as selling agent only on a commission basis and not as principal, and hence that the arrangements negotiated by the plaintiff did not comply with the contract.

In this connection, however, the contract, which was prepared by the defendant's attorney, refers to the " import and export, buying, selling, and dealing in rubber," which certainly is broad enough to be susceptible of the construction put upon it by the plaintiff, if not in fact to exclude the construction contended for by the defendant. Moreover, the rule is applicable that the construction most favorable to the plaintiff of which the contract reasonably is susceptible should be adopted, since the words were chosen by the defendant. (*Gillet* v. *Bank of America*, 160 N. Y. 549.) Also a practical construction was put upon the contract by the parties themselves in jointly negotiating certain tentative arrangements in England, and arrangements along similar lines were negotiated by the plaintiff in the East. As was said in *Insurance Co.* v. *Dutcher* (95 U. S. 269, 273): " There is no surer way to find out what parties meant, than to see what they have done." (See, also, *Carthage T. P. Mills* v. *Village of Carthage*, 200 N. Y. 1, 14, where the court said: " Such a construction is presumed to be right, because it was made by the parties themselves when under the influence of conflicting interests.")

The most that can be said in defendant's favor is that the contract is sufficiently ambiguous to admit of parol testimony as to the intention of the parties, which presented an issue of fact.

A second issue of fact also was presented as to whether there was due performance on the part of the plaintiff in establishing proper business connections. The trial court's ruling that the defendant had the right to be sole arbiter of what constituted proper business connections cannot be sustained.

In the first place, it is to be noted that the words of the parties as expressed in the contract only call for " proper business connections." To hold that these words mean business connections to,

the absolute satisfaction of the defendant would seem a harsh construction, since the subject-matter of the contract does not involve matters strictly personal to the defendant. (*Russell* v. *Allerton*, 108 N. Y. 288.) Even where the words used in a contract are " to the satisfaction of " a party if it appears that the parties intend to achieve some definite purpose of the carrying out of which others could judge as well as the parties, it is held that such satisfaction must be reasonable. As was said in *Gearty* v. *Mayor, etc.* (171 N. Y. 61, 71): " The fact that this work was to be performed to the satisfaction of the commissioners and their engineer of construction is not conclusive against the plaintiff. That power cannot be exercised in an arbitrary manner, but reasonably and in accordance with fairness and good faith. This court has frequently held that under such a provision, that which the law will say a contracting party ought in reason to be satisfied with, that it will say he is satisfied with."

The aforesaid issues required submission to a jury.

It follows that the judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

DOWLING, MERRELL, McAVOY and MARTIN, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.