JOHN FALLON, Appellant, *v.* ROSANNA LAWLER, Respondent.

By an oral contract between the parties, plaintiff agreed to erect a building for defendant in accordance with certain plans and specifications. When the building was partially erected the work was stopped by defendant, because of failure to perform it in accordance with the plans and specifications. Defendant selected an architect to examine the work, who made a memorandum of the defects and of the work to be performed by plaintiff to remedy them; this was accepted and agreed to by the parties, and plaintiff began the work under the new agreement. Plaintiff asked to be permitted to finish the work as required by the architect, and offered so to do, but defendant refused to permit it, and the work was stopped. In an action to recover for the work done, *held,* that the new agreement was for a sufficient consideration and was a waiver of forfeiture, because of non-performance of the old agreement; and that plaintiff was entitled to recover. Also that, as the time for the performance of the original contract had not expired at the time the work was finally stopped, and as the defects had been pointed out and agreed upon, plaintiff was entitled to supply those defects and complete the performance, and as he was prevented from so doing by defendant's interference, the latter was estopped from claiming non-performance.

The new contract was not set forth and no issue respecting it was presented by the pleadings. The evidence, however, relating to it was given without objection on the trial, and it was one of the main issues tried. *Held,* that the objection that the issue was not presented by the pleadings was not tenable on appeal.

*Also held,* that after accepting and agreeing to the architect's memorandum, defendant could not claim that other defects not specified therein existed which authorized her to repudiate the contract.

(Argued March 24, 1886; decided April 13, 1886.)

APPEAL from order of the General Term of the Supreme Court, in the second judicial department, made September 11, 1883, which reversed a judgment in favor of plaintiff, entered upon an order confirming the report of a referee and directing judgment in accordance therewith.

This action was brought to foreclose a mechanics' lien for work and materials furnished by plaintiff in building a house on defendant's premises.

The facts sufficiently appear in the opinion.

*Calvin Frost* for appellant. Although the new contract is not at issue in the pleadings it and all the attending circumstances having been proved on the trial, without objection, and being one of the main issues tried before the court, it is too late to raise that objection on appeal. (*Knapp* v. *Simon*, 96 N. Y. 284; id. 31.) Any variation or defect in the work under the prior contract, and any liability incurred by the plaintiff therefor up to the time of the new contract, were by its force and legal effect discharged and waived. (*DeLa Croix* v. *Buckley*, 13 Wend. 75–76; *Fleming* v. *Gilbert*, 3 Johns. 530–531; 14 id. 330; 7 Cow. 47; 6 Duer, 208; 10 N. Y. 465; 58 id. 621; 36 id. 388; 21 Wend. 630, 632.) One who waives or prevents a literal performance, which the other is ready and offers to fulfill, cannot avail himself of a non-performance to relieve himself from payment. (*Young* v. *Hunter*, 2 Seld. 204; *Holmes* v. *Holmes*, 5 id. 527; *Carman* v. *Pultz*, 21 N. Y. 549; 31 id. 464; 58 id. 621; 53 id. 272; 61 id. 171; 42 id. 246; 78 id. 216.) The tender to do all that is required by the contract, and refusal to permit it, is equivalent to an actual performance. (2 Hall, 482; 3 Johns. 531; 31 N. Y. 462. Assuming that no new bargain had been made; that there had been no waiver or prevention, and that the contract, with these defects, had been completed, till a payment due, these defects would not bar plaintiff of all recovery. (*Woodward* v. *Fuller*, 80 N. Y. 312; *Heckman* v. *Pinckney*, 81 id. 211.) The agreement to modify the contract was valid and needed no other consideration than the mutuality of the promises. (Story on Cont., § 447.)

*Frederic A. Ward* for respondent. Defendant cannot be held to have assented to the manner in which the work was done. (*Smith* v. *Brady*, 17 N. Y. 180.) The alleged new agreement was wholly without consideration. (*Vanderbilt* v. *Schreyer*, 91 N. Y. 401; *Seybolt* v. *N. Y., L. E. & W. R. R. Co.*, 95 id. 575.) The evidence offered was incompetent even to prove the lien much less the notice of suit, which is not matter of record. (*Sampson* v. *R. R. Co.*, 4 T. & C. 600; *S. C.*, 2 Hun, 512; *Bissell* v. *Pierce*, 28 N. Y. 252, 256;

*Baldwin* v. *Ryan*, 3 T. & C. 353.) The original memorandum of Leggett was not original or primary evidence to charge the defendant. It was not a writing *inter partes*, nor one creating rights, or of which rights could be predicated as a will, contract or deed, nor was it a record of transactions in the ordinary course of business, as books of account, nor a paper made by the defendant, to which he was in any way privy. (*Flood* v. *Mitchell*, 68 N. Y. 507 ; *Kennedy* v. *Oswego R. R. Co.*, 67 Barb. 169 ; *Clute* v. *Small*, 17 Wend. 238.)

MILLER, J. As the judgment in this case was reversed by the General Term upon the facts as well as the law, we are called upon to determine not only whether there was any error of law, but whether the decision of the trial court was clearly contrary to the evidence.

The testimony on the trial shows that the parties entered into an oral contract by which the plaintiff agreed to remove a building to the rear of a certain lot, put a cellar under it, and a roof on it, and build a three-story brick building on the front of the lot. The terms of the contract were expressed in plans and specifications which were not signed by either party. After the building was removed and the contract partially performed as to the brick building the work was stopped by defendant's order.

We think it must be assumed that when the defendant refused to permit the plaintiff to proceed with the work on the 2d of October, 1876, the plaintiff had failed in several particulars to perform the contract made by him with the defendant according to the plans and specifications. As matters then stood by reason of plaintiff's failure to fulfill the contract, he could not have recovered of the defendant the value of the work which had already been done, and it was a good defense to his action up to that time that he had failed to perform the contract according to the agreement as required by the plans and specifications.

Immediately after this the defendant selected an architect to examine the work, who found the contract unperformed in several respects, and made a memorandum of the defects and

a list of the work which was to be performed by the plaintiff to remedy the defects, which was accepted and agreed to by the parties. The plaintiff then undertook to do this work and was again stopped by the defendant.

The question then arises whether the new arrangement which was entered into, and which the plaintiff desired to perform, was a waiver by the defendant of performance by the plaintiff of the original contract. This agreement conceded the defects therein mentioned, and had it been carried out would have operated no doubt as a waiver of any claim arising by reason of such defects. It would reinstate the original contract with the modifications which had been agreed upon.

The evidence shows that the work had barely been commenced under the new agreement when the plaintiff and his men were ordered therefrom by the defendant, who insisted that the contract price should be reduced $500, and a disputed claim of the defendant's paid before the work should proceed. This demand was refused by the plaintiff and the work stopped. The plaintiff afterward again and again asked to be permitted to finish the work, as the architect had said it should be done and he offered to do so, but the defendant refused to allow him to go on. It was, therefore, the fault of the defendant that the plaintiff did not proceed in accordance with the new arrangement and complete the work, and if the agreement made was obligatory upon the parties, no reason exists why the plaintiff should not recover for the value of the work which he actually performed.

The defendant claims that the new agreement was without consideration, and the court at General Term holds, in its opinion, that an agreement that certain omissions should be supplied, and that upon this being done, it should be deemed a full performance, after default as an executory contract, would rest upon no valid consideration. There was evidence upon the trial showing that the plaintiff had set men at work to perform what was required under the agreement to remedy the defects, and several of them were at work for that purpose when they were stopped by the defendant. Such being the

fact, it is fairly to be implied that the plaintiff may have given up other work to fulfill the engagement he had entered into with the defendant. He had thus expended some money in the performance of the work, and the contract was in the course of being executed. The original contract, as well as the new agreement, was by parol, and the latter being founded on the former, and having been to some extent at least performed, there was, under the circumstances, a sufficient consideration for the last named contract.

It should not be overlooked that by the last contract the time of performance of the first contract would necessarily be extended. The work had been stopped some weeks, and it would require, as a matter of course, some additional time to complete the same. The new agreement, therefore, may well be regarded as relating to the time of performance, and it is a well-settled rule that the extension of time for the performance of a contract need not necessarily be in writing and may be by parol, and that no express consideration is required to make it valid. In this view of the case it cannot be claimed that the entire contract was invalid for want of consideration. Independent, however, of the views already expressed, as the time for the performance of the contract had not expired, and conceding the plaintiff had failed to perform the same as the defects had been pointed out and agreed upon, it is not apparent why he had not the right to perform and to supply such defects within the period of time fixed by the contract. He offered to do so and was ordered to stop, and was prevented by the interference of the defendant. As the fault of the defendant operated to produce the failure to fulfill, on the part of the plaintiff, the terms and conditions in the contract, she is estopped from claiming that it was not performed.

Some stress is laid upon the fact that the plaintiff commenced work at the top of the building instead of at the bottom, as directed by the architect. This objection would seem to be too trivial to avoid the effect to be given to the fact that the plaintiff had offered and attempted to perform the work in accordance with the terms of the new agreement and as di-

rected by the architect, and at most had made a very trifling mistake in selecting the portion which should first be done.

It is objected that no new contract was alleged in the complaint, and that there was no issue respecting it in the pleadings, and it is said that the finding of the referee that the parties made a new agreement does not express the issue tried by the parties. It is, no doubt, true that the new contract is not within the issue made by the pleadings. The evidence relating thereto was, however, introduced upon the trial without any objection being made to the same, and it was one of the main issues tried before the referee. If the objection had been urged upon the trial, the complaint could have been amended upon application so as to meet the changes made by the evidence introduced, or at the close of the case, upon motion, an order could have been entered that the complaint be regarded as amended in accordance with the facts proved. Upon appeal this may be regarded as having been done, and it is too late now to raise the objection urged.

The finding of the referee, that the plaintiff performed the work according to the agreement of the parties; that the work was done, and the materials furnished were in accordance with the plans and specifications except as the same were modified or changed by the parties during the progress of the work, is not, perhaps, standing alone, strictly accurate, but this finding is not sufficient to authorize a reversal of the judgment. It may be taken in connection with the finding that by the subsequent agreement the plaintiff and defendant agreed to the modification of the plans and specifications, and it was then agreed that the contract, as thus modified, should be completed under the supervision of the architect, as well as some other findings of the referee sustaining the plaintiffs' right to recover, and as thus considered, the whole may be regarded as sufficient to sustain the judgment.

Some objections are urged as to other defects not enumerated in the memorandum made by the architect. The testimony in regard to these was conflicting, and it cannot be said that there was such a preponderance in favor of the defendant

as to authorize the conclusion that the referee erred in his findings that the plaintiff had fulfilled the contract as modified. In fact after the parties had entered into an agreement that the defects mentioned in the architect's memorandum, as already stated, should be remedied, it was too late to urge that others existed sufficient to authorize a repudiation of the contract by the defendant.

A careful perusal of the testimony, and an examination of the case leads to the conclusion that the findings of the referee were, upon the whole, fully sustained by the weight of the evidence.

Some questions are made as to the admissibility of evidence upon the trial, but we are unable to discover any error in the rulings in this respect.

The order of the General Term should be reversed, and the judgment of the Special Term affirmed, with costs.

All concur.

Order reversed and judgment affirmed.