BOROUGH CONSTRUCTION COMPANY, Respondent, *v.* THE CITY
OF NEW YORK, Appellant.

Municipal contracts — when contractor, doing work for a munic-
ipality, required to do something not covered by the contract,
may recover damages as upon a breach of contract.

Where the municipal representative, without collusion and against the
contractor's opposition, requires the latter to do something as covered
by his contract with the municipality, and the question whether the
thing required is embraced within the contract is fairly debatable and
its determination surrounded by doubt, the contractor may comply with
the demand under protest and subsequently recover damages measured
by the value of the extra work or materials required of him, even if it
turns out that he was right and that the thing was not covered by his
contract, and, on the other hand, if the thing required is clearly
beyond the limits of the contract, the contractor may not even under
protest do it and subsequently recover damages.

*Borough Construction Co.* v. *City of New York,* 131 App. Div. 278,
reversed.

(Argued October 7, 1910; decided December 6, 1910.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the second judicial department, entered
March 17, 1909, affirming a judgment in favor of plaintiff
entered upon a verdict and an order denying a motion for a
new trial.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*Francis K. Pendleton,* Corporation Counsel (*Terence
Farley* and *Theodore Connoly* of counsel), for appellant.
The record is destitute of any proof to sustain the allegations
of the complaint that the engineer, in determining the amounts
and quantities of the several kinds of work under the contract,
and in determining the questions in relation to said work and
the construction thereof, acted either unreasonably, arbitrarily,
erroneously or in violation of the rights of the plaintiff.
(*Whiteman* v. *Mayor, etc.,* 21 Hun, 117; *N. Y. & N. H. A.*

*S. Co.* v. *Andrews*, 173 N. Y. 25 ; *Neidlinger* v. *O. C. Co.*,
107 App. Div. 398 ; 188 N. Y. 572 ; *Thomas* v. *Fleury*, 26
N. Y. 26 ; *B. Nat. Bank* v. *Mayor, etc.*, 63 N. Y. 336 ;
*Nolan* v. *Whitney*, 88 N. Y. 648 ; *Flaherty* v. *Miner*, 123
N. Y. 382 ; *O'Brien* v. *Mayor, etc.*, 139 N. Y. 543 ; *M. F.
S. Co.* v. *Mayor, etc.*, 160 N. Y. 72.)

*Edward M. Grout, James F. McKinney* and *Paul Grout*
for respondent. The actions of the engineer, borough presi-
dent and superintendent of sewers were arbitrary, erroneous,
unreasonable and fraudulent, and constituted breaches of the
contract, and the plaintiff is entitled to recover such damages
as he can prove he sustained by reason thereof. (*Gillette* v.
*Bank of America*, 160 N. Y. 549 ; *I. & G. T.* v. *Todd*, 180
N. Y. 225 ; *U. W. W. Co.* v. *O. W. Co.*, 164 N. Y. 41 ;
*Kratzenstein* v. *W. Assur. Co.*, 116 N. Y. 54 ; *Cochran* v.
*Kennedy*, 10 Daly, 346 ; *French* v. *City of Syracuse*, 18
Misc. Rep. 278 ; *Horgan* v. *Mayor, etc.*, 160 N. Y. 516 ;
*McMaster* v. *State*, 108 N. Y. 542 ; *Lentilohn* v. *City of
New York*, 102 App. Div. 549 ; *Messenger* v. *City of Buffalo*,
21 N. Y. 198.)

HISCOCK, J. This action is brought really to recover the
value of extra materials furnished and extra labor done by
the respondent while constructing a large sewer under con-
tract with the appellant in the borough of Brooklyn. It is
not brought, however, on the theory of recovering on or
under the contract for such extra material and services, but is
instituted and thus far has been sustained on the theory that
the appellant unjustly required the respondent to furnish
materials and do work not covered by its contract, and
thereby committed a breach of the contract for which dam-
ages measured by the value of such material and work may
be recovered.

The sewer which the respondent contracted to construct
was a large one, the price being upwards of $800,000.
The engineer was the official principally charged with the

duty in behalf of the city of supervising the execution of the contract and securing the proper performance thereof by the contractor. Amongst other things, it was provided: "To prevent all disputes and litigation, it is further agreed by and between the parties to this contract, that the Chief Engineer of Sewers shall in all cases determine the amount or the quantity of the several kinds of work which are to be paid for under this contract, and he shall determine all questions in relation to said work and the construction thereof, and he shall in all cases decide every question which may arise relative to the execution of this contract on the part of the said contractor, and his estimate and decision shall be final and conclusive upon said contractor."

Two provisions in the contract are directly involved in the controversy. One of these provided that when the work to be constructed "is all or partly below the city datum (meaning high water) Portland cement must be used when directed by the engineer." The other was to the effect that "During the progress of the work, and until the entire completion and final acceptance thereof, the sewers, drains, basins, culverts and connections are to be kept thoroughly cleaned throughout and left clean, and the drainage of any old sewer that may be taken up or intercepted must be provided for by the contractor."

Claiming to act under the first clause, the engineer in charge demanded that the contractor should lay not only that portion of the sewer located below the city datum line in Portland cement, but also should lay in such cement that portion of the same section which was above the line, this cement being much more expensive than that which the contractor was otherwise allowed to use. Again, claiming authority I suppose under the second clause quoted above, if anywhere, the engineer demanded that the contractor make the sewer ready for an alleged inspection by the city officials, and to that end that he not only do various things in the way of cleaning it up, but that he prepare a lift by which to lower automobiles into the sewer and illuminate the sewer its entire

length, which was done with a great number of candles.    In each case the contractor in substance protested that the things thus required of him were not covered by his contract, but on the insistence of the said official finally did as he was required, and it is because of what he was thus required to do that he brings this action.    There are some preliminary questions to be disposed of before we reach the main one whether he can succeed because thus required.

The first one is raised by the contention on behalf of the appellant that no sufficient notice of claim was filed in behalf of the respondent.    My attention has not been called to and I have been unable to find any place where this question was presented on the trial in a manner that survives the unanimous affirmance of the judgment secured at the Trial Term.

A second question is whether the appellant is in a position in view of the unanimous affirmance to attack the judgment which has been rendered against it on the merits.    I think that by its objections and exceptions to the reception of evidence and to the charge and refusals to charge it has placed itself in a position to do this.

The next question is whether the respondent was required to furnish materials and do work which were not covered by its contract, for of course this claim lies at the bottom of its recovery.    I think it was.    It is clear that some of the things which it did in preparation for the so-called inspection trip of the city officials, such as installing an elevator and placing candles the entire length of the sewer and perhaps other things, were not required by the contract.    I also think it is reasonably clear that it was not compelled to lay in Portland cement those portions of the sewer which were above the city datum.    Of course the object of the clause in the contract on this point which has been quoted was to require a higher grade of cement where the sewer was exposed to the action of water, and there would be no sense in so construing it as to require the upper part of the sewer which was never subjected to the action of water to be laid in Portland cement because the lower portion was subject to the action of water and therefore

should be laid in it. It is asserted without contradiction that for its entire length some part of the lower portion of the sewer was below the line in question, and this being so, the contention of the appellant would result in requiring the entire sewer to be laid in Portland cement, a result evidently not dreamed of by the parties.

The disposition of these questions brings us to the main inquiry, whether a recovery may be allowed on the theory of a breach of contract chosen by the respondent because it was unjustifiably required to furnish these extra materials and do this extra work in spite of its protest.

The learned counsel for the appellant with considerable insistence advances arguments applicable to an action brought to recover on contract for extra services and materials and leading to the conclusion that such recovery cannot be permitted because such materials and work were not called for or authorized in the manner prescribed by the contract. Of course on the premises formulated by counsel on this theory his conclusions are unimpeachable, but the answer to the entire argument is that this action does not rest on any claim for extra services or materials under the contract but on an alleged breach of the contract by the city and its representatives whereby the respondent has suffered damages, and the question is whether the action can be maintained on that line.

I regard it as settled that it may; that within certain limits a contractor who is ordered by the proper representatives of the municipality to furnish materials or do work as covered by his contract which the former thinks are not called for by such contract may under protest do as directed and subsequently recover damages because he has been so required even though it should turn out that the contractor was right and that the official had no right to call on him to furnish such materials and do such labor. Decisions of this court have so conclusively established the principle that under such circumstances the contractor may treat the conduct of the municipality acting through its representative as a breach of contract

and recover damages, that it is only necessary to summarize these without argument.

In *Gearty* v. *Mayor, etc., of N. Y.* (171 N. Y. 61) a case was presented where the engineer of construction had required a contractor to take up and relay a part of a pavement on the ground that it had been improperly laid.   The contractor, although protesting that the work had been properly done, and that the requirement was improper, nevertheless complied therewith and afterwards brought an action alleging two causes of action.   One of them was for damages suffered by reason of certain work being unlawfully and in breach of the contract required to be done the second time.   In that case as in this one the contract proper had been fully performed and the contractor had received his compensation in full thereunder, and there was no certificate for extra work as provided in the contract.   Under these circumstances it was held that the action was not to be treated as one to recover extra compensation under the contract but as one to recover damages for a breach of the contract, and that plaintiff might maintain an action on that theory, and that on that theory no certificate of the engineer was necessary.

The appellant seeks to distinguish that case on its facts from the present one, but in my opinion, while the nature of the thing unlawfully required of the contractor was somewhat different from what was required in this case, this difference of detail is not sufficient to decisively distinguish the two cases or to withdraw this case from the principles laid down in deciding the former one.   It was, amongst other things, said : " It is insisted on behalf of the city that the plaintiff by obeying the orders of the engineer of construction requiring him to take up and relay the alleged improper work without making any claim for extra compensation at the time the changes were ordered or made or without making a new contract, has waived any claim, if he was entitled to any, to extra compensation.   This proposition assumes erroneously that the plaintiff is seeking to recover extra compensation under the contract.   This action is to recover damages for breach of

the contract.  *  *  *  We are of opinion that either of
the remedies discussed (one being to comply with the improper
direction and then bring an action for breach) was open to
the plaintiff at his election." (p. 72.)

In *Lentilhon* v. *City of New York* (102 App. Div. 548;
affirmed, without opinion, 185 N. Y. 549), while the plaintiff's
claim to recover because extra work had been improperly
required of him was defeated on the construction given the
contract, it was written : " Damages as for a breach of contract
may be recovered for an erroneous direction of a representa-
tive of a municipality, authorized to give directions in the
premises in superintending the execution of contract work,
which are insisted upon and necessitate the performance of
more work than the contract, properly interpreted, requires,
and the contractor has an election either to refuse to proceed
and recover upon a *quantum meruit* for the work already
done or to continue under protest and recover the value of
the extra work upon a *quantum meruit* as the measure of
damages for the breach of contract," citing, amongst others,
the *Gearty Case (supra)*.  (p. 557.)

In the more recent case of *People ex rel. Powers & M. Co.*
v. *Schneider*, wherein this court affirmed, without opinion (191
N. Y. 523), the judgment of the Appellate Division, which in
turn affirmed the judgment below on the opinion of the referee,
the question here presented was decided in favor of the con-
tractor on practically identical facts.  In that case the con-
tractor was engaged in constructing a sewer, and the official
in charge in behalf of the municipality contended that the
contract required certain work to be done in a certain man-
ner, and demanded that it should be so performed.  The
contractor, while disputing the contention of the engineer,
and protesting that the contract did not compel him to do as
required, nevertheless complied with the directions given to
him, and subsequently brought an action to recover what
amounted to the extra cost of doing work which he had been
improperly instructed to do, and he was allowed to recover
on the authority and theory of the *Gearty* case, already

156 BOROUGH CONST. CO. v. CITY OF NEW YORK. [Dec.,

Opinion of the Court, per HISCOCK, J. [Vol. 200.

referred to. While the referee, in his opinion and findings, uses expressions concerning a recovery of the value of the extra work required, these must be construed as relating to the *measure* of recovery on the fundamental facts showing a breach of contract by the municipality, and the judgment must be regarded as having been affirmed on that theory.

While it has thus been established that a party may recover damages as for a breach of contract when he has been unlawfully required to furnish materials or do work not called for by his contract, I agree with the counsel for the appellant that the principle unless restricted in its application may be made the source of grave abuse. While such an action theoretically seeks to recover damages as for a breach of contract, its real purpose is to secure compensation for extra work and a municipal representative and contractor might by collusion make the theory a ready method of saddling the municipality with extra work and materials which it never authorized and of burdening it with liabilities which it never contemplated. Municipalities ought not to be subjected to any unlimited risk of this kind, but some such logical and reasonable limitation should be placed on the operation of this principle as will be decisive under ordinary circumstances and be a safeguard against any such unfortunate result as has been suggested.

The underlying justice of the principle is that where a municipal representative having authority to speak for it and supposed to be familiar with such matters in apparent good faith and with a show of reason requires a contractor to do certain things as covered by his contract, the contractor although protesting against the requirement ought not to be compelled to refuse obedience and incur the hazard of becoming a defaulter on his contract even though it shall subsequently turn out that he was right and the municipal representative wrong in the dispute. The theory involves the idea that the requirement of the municipal representative finds some reasonable basis in the contract and that the question whether his demand is proper or improper is one which may be the subject of some doubt and debate and in respect of

wich the contractor might prove to be mistaken if he should refuse to do what was required of him, and there is no justification for applying it where the municipal representative requires something which is so palpably and manifestly beyond the provisions of the contract that the contractor would not be confronted by any of the legal perils of an erroneous decision if he should refuse to obey.

These considerations seem to suggest the general rule that where the municipal representative, without collusion and against the contractor's opposition, requires the latter to do something as covered by his contract, and the question whether the thing required is embraced within the contract is fairly debatable and its determination surrounded by doubt, the contractor may comply with the demand under protest and subsequently recover damages even if it turns out that he was right and that the thing was not covered by his contract, and, on the other hand, if the thing required is clearly beyond the limits of the contract, the contractor may not even under protest do it and subsequently recover damages. While this rule is only a general one and may not be determinative of every conceivable case, it seems to furnish a test by which to decide phases of the question which will ordinarily present themselves, and it may both be illustrated by and applied to the facts established in this case.

The demand of the appellant's engineer that respondent should use Portland cement in laying both the portions of the sewer above the city datum line as well as those below, finds some support in the wording of the clause of the contract relating to that subject. In fact a literal interpretation of the clause would sustain the demand of the engineer, and it is only by tempering the letter of the provision by the spirit of its purpose that we reach the conclusion that it did not require the extra Portland cement demanded by the engineer. Under these circumstances the court could well say, as it has, that the contractor was justified in following the instructions of the engineer, although protesting against the justice thereof, rather than in refusing to comply with

those requirements and hazarding a breach of his contract involving $800,000, and that its supply of the extra material furnished a basis for recovery in this kind of an action.

On the other hand, if we assume that it was based on the contract, the demand that the contractor should furnish elevators by which to lower automobiles and illuminate the sewer as was done, and I use these items as illustrations without attempting to classify on this question all of the items embraced in this branch of the case, was so preposterous that there could be no reasonable doubt that it exceeded the obligations of the contract and that a refusal to comply with it would not work a breach of contract. Under those conditions the contractor was not justified in doing the work and cannot recover damages on the theory now invoked. Of course it is true that if it had refused compliance it might have been subjected to annoyance or even to unjust litigation, but that is a possibility which confronts every one and in my opinion is not enough to furnish a basis for this kind of an action.

I, therefore, reach the conclusion that a judgment awarding damages measured by some of the items proved might be sustained, but that the jury were permitted to take into account other items which were not a proper subject for consideration, and inasmuch as it is not possible to determine from the verdict which ones were made the measure of damages, it seems necessary to reverse the judgment and grant a new trial, costs to abide the event.

CULLEN, Ch. J., VANN, WERNER, WILLARD BARTLETT and CHASE, JJ., concur.

Judgment reversed, etc.