JAMES F. LEARY et al., Respondents, *v*. CITY OF WATERVLIET, Appellant.

**Contract — contract for building sewers for municipality construed and held that under the terms thereof the contractors took all risks as to the amount of rock to be excavated.**

Where in a contract for the construction of sewer conduits, storm drains and appurtenances thereof for a city, it was stipulated that the estimated quantities of excavation stated in the plans and specifications were not to be considered by the contractor as the actual quantities but as reasonably close approximations for the purpose only of making comparisons of bids, and the contractors' bid stated that they had made a personal examination of the proposed work and the character of the materials to be encountered, and it appears that the contractors had actually inspected the work with the same opportunity to make test holes and determine where rock would be

found when the excavations were made as the commission representing the city, and no fraud or concealment by the commission is alleged, it must be held that the bid for work was based upon approximate estimates only and was given and accepted as such; that under the contract a variation in the estimates of the work to be done arising by mistake or inadvertence or by changes of work was at the risk of the contractors and that they took all risks relating to the extent and amount of rock and its removal, and that a recovery against the city for the removal of rock, even in excess of the amount approximately shown on the plans, is not justified. To entitle the plaintiffs to recover in this action they were also required to show that the municipality required them to excavate the rock, as claimed, notwithstanding their protest and claim that the excavation of such rock was not included in their contract, and it must be held, upon an examination of the evidence, that the proof does not permit of such a conclusion. (*Faber* v. *City of New York*, 222 N. Y. 255, distinguished.)

    *Leary* v. *City of Watervliet*, 178 App. Div. 938, modified.

(Argued December 19, 1917; decided January 15, 1918.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered May 10, 1917, affirming a judgment in favor of plaintiffs entered upon a decision of the court at a Trial Term without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Albert J. Danaher* and *William V. Cooke* for appellant. There can be no recovery by the plaintiffs when there is no evidence that, before the signing of the contract, fraud or misrepresentation induced them to sign it to their loss, or that after the signing of such contract it was materially changed in such manner as to increase or make the performance of such contract more burdensome. (*Sullivan* v. *Vil. of Sing Sing,* 122 N. Y. 389; *Dean* v. *Mayor, etc., of New York*, 167 N. Y. 81.)

*William F. Lynn* and *Joseph McSweeney* for respondents. The plaintiffs were properly allowed their damages under the first cause of action. (*Beckwith* v. *City of New*

*York,* 148 App. Div. 658; 210 N. Y. 520; *Borough Construction Co.* v. *City of New York,* 200 N. Y. 149; *People ex rel. Powers & Mansfield Co.* v. *City of Troy,* 191 N. Y. 525; *Gearty* v. *Mayor, etc.,* 171 N. Y. 61.)

CHASE, J.  In 1913 the city of Watervliet by its sewer commission, appointed pursuant to chapter 457 of the Laws of 1911, advertised for sealed proposals for the completion of two dams, conduits, storm drains and appurtenances pursuant to plans and specifications on file in the office of the commission.  The instructions to bidders issued by the commission were accompanied by an estimate of the several amounts of work to be done and item No. 28 thereof was as follows: " For rock excavation all depths, 1800 cu. yds."  The instructions also contained a statement as follows:

" The estimated quantities in the proposed schedule are not intended nor are they to be considered by the contractor as the actual quantities that may be required for the completion of the work, but they are reasonably close approximations and will be treated as final quantities only for the purpose of making comparisons of bids. Any increase or decrease in these quantities will be paid for or deducted proportionately."

The plans show that excavations will be required for two conduits and the grades therefor are shown on profile drawings.  On the profiles are black lines designated as " approximate rock line."  On the plan of the conduit known as the " gas house conduit " the black line runs as so shown for some distance along the surface of the ground and then at each end it appears to extend gradually underneath the surface of the ground to a point below the level on which the conduit is to be laid.

The specifications provide: " It is supposed that the location, size of pipes, drains, etc., are correctly shown on contract drawings but the commission does not so guarantee and no claim shall be made by the contractor

on account of any structure being found in a position other than that shown, on the plans."

Also, " The commission shall have the right to make and order any alteration in the line, plans, or quantity of the work herein contemplated either before or after the commencement of the work. Any increase or decrease in the total quantity of work to be done caused by such changes shall be paid for or deducted as the case may be according to the schedule of prices stipulated in the proposal. If the total amount of work contemplated is decreased by such changes the contractor shall not claim damages for anticipated profits."

Also, " The contractor shall take all responsibility of the work, shall bear all losses resulting to him on account of the amount or character of the work or because the nature of the land in or on which the work is done is different from what is assumed or was expected or on account of the weather, floods or other causes."

One of the plaintiffs testified:

" Q. Did you have a conversation with Mr. Keis, the engineer, at the time you came there to get the plans? A. I did.

" Q. Did Mr. Keis say to you that the city did not guarantee anything about rock and that you would have to satisfy yourself as to that point on that question? A. I don't remember the exact words. He said something in regard to that."

The plaintiffs bid in pursuance of said advertisement and in their bid said: " That he has (had) carefully examined and fully understands the contract plans and specifications hereto attached and has made a personal examination of the site of the proposed work and the character of materials to be encountered."

Their bid was accepted and the contract was then entered into which has since been performed by them. The contract with the plaintiffs was the second contract

for work to be done under the direction of the commission. The first contract was partly completed and thereafter the contract with the plaintiffs was made for the completion thereof as stated. The work performed by the first contractors included some trench work and the excavations made by them were unfilled when the contract with the plaintiffs was executed.

Plaintiffs in excavating for the " gas house conduit " found that the rock ran nearer the surface of the ground than shown by the black line on the profile and extended beyond the points where it appeared by such line to be below the level at which the conduit was to be laid. It is alleged that it required the excavation of 1,652 cubic yards of rock in addition to the amount that would have been required had it been found exactly as shown by the black line mentioned. The approximate rock line on the other conduit included in the contract was considerably above the rock as it was found by the plaintiffs when the excavations were made therefor. The total rock excavated by the plaintiffs was about 2,200 or 2,400 cubic yards instead of the estimated amount of about 1,800 cubic yards.

All rock excavations mentioned were paid for at the contract price from time to time as the work progressed without demand that other or higher prices be paid therefor. This action is brought to recover among other things the alleged cost of removing the 1,652 cubic yards of rock for the gas house conduit in excess of the bid price for excavating rock as stated in the proposal and contract.

On the evidence before us the bid for work was based upon approximate estimates only and was given and accepted as such. The payments therefor were to be made according to the amount of work performed whether the same was greater or less than the quantities specified in the approximation. The instructions to bidders, the

plans and specifications, and the bid, show that the contractors were required to take all responsibility for the work and the amount of the several kinds thereof, the difficulties to be met with in doing the same, the exigencies of weather and floods, and changes that the commission might make therein causing an increase or decrease in the work to be done. No fraud or concealment by the commission is alleged. A variation in the estimate by the commission of the work to be done arising by mistake or inadvertence or by changes of work contemplated, was at the risk of the contractors.

Before the contract was let one of the plaintiffs personally inspected the ground and examined the site of the dams and conduits and thereafter made his proposal with the statement therein as quoted above. The plaintiffs had, so far as appears, the same opportunity to make test holes and determine where rock would be found when the excavations were made as the members of the commission representing the city.

We are of the opinion that the plaintiffs took all risks relating to the extent and amount of rock and its removal and that the facts as claimed by them do not justify a recovery against the city therefor.

The facts in the case of *Faber* v. *City of New York,* recently decided by this court (222 N. Y. 255), are such as to make the decision in that case clearly distinguishable from the decision about to be made in this case.

To entitle the plaintiffs to recover in this action they were also required to show that the municipality required them to excavate the rock as stated notwithstanding their protest and claim that the excavation of such rock was not included in their contract. (*Borough Construction Co.* v. *City of N. Y.,* 200 N. Y. 149.) The proof does not permit of such a conclusion. The only evidence on the subject was given by one of the plaintiffs and their superintendent. One of the plaintiffs testified:

" Q. Now, Mr. Morrison, when you met this rock in the so-called Gas House section did you have some conversation with the engineer about it? A. I did.

" Q. Just briefly what if any conversation did you have with him about it? A. I met the engineer on the job and I protested that we were excavating in rock where there wasn't any on the original sheet, and he said that wouldn't be much, that that rock would run out. Another day later on, I made the same objection, and he still said that that wouldn't be very much, that that would run out. Then we went right on."

The superintendent testified:

" Q. When you found rock there did you have any conversation with the engineer about it? A. I did.

" Q. What was it? A. I told him we were running into rock and Mr. Keis and Mr. Gabrielle said well, we will run out of it, that is just a small portion there. The rock was within fourteen inches of the top of the ground.

" Q. Did you have any other conversations from time to time with these men? A. I did.

" Q. What was said. A. I told them we were running into rock, we were getting more rock, and Mr. Keis kind of shrugged his shoulders."

We approve the findings of the court so far as they relate to the other questions presented by the pleadings and this appeal. The amount allowed to the plaintiffs by the trial court for damage in the removal of the 1,652 cubic yards of rock as stated was $7,012.50.

The judgment should be modified by striking therefrom $7,012.50, with the interest added thereto at the time of the entry of judgment, and as so modified affirmed, without costs.

COLLIN, CUDDEBACK, POUND and ANDREWS, JJ., concur; CARDOZO, J., concurs on last ground stated in opinion; CRANE, J., not voting.

Judgment accordingly.