ERNEST F. KUHS, Plaintiff, *v.* FLOWER CITY TISSUE MILLS COMPANY and FRED H. RAPP, Defendants.

(Supreme Court, Monroe Special Term, July, 1918.)

Contracts — building — provisions of — architect's certificate — evidence — payment.

The terms of a construction contract are the test in determining the allowance of claims for extra work and representations as to the nature, character or conditions of work may or may not be sufficient upon which to base such a claim, depending upon the circumstances of each contract.

Where there is fraud, or work has been done outside the contract, or work has been duplicated through no fault of the contractor, or the contractor has not assumed responsibility for the nature, character, conditions or quality of the work, recovery may be had for the extra work.

Where a mason contractor was required to make a careful examination of the premises and to note existing conditions and

had ample opportunity to do so especially where the contract is for a gross sum, he can not recover for extra cost in excavating hardpan in the construction of a cellar or for gravel· purchased in connection with the performance of the contract although the specifications provide that good gravel will be encountered in the excavation or will be found on the premises, where it is further provided that if sufficient gravel is not found the contractor shall furnish equally good gravel.

Where an owner specifies how foundation walls shall be built and waterproofed, the contractor does not warrant that they will be watertight though the contract so provides.

The certificate of an architect where one is required as a condition of payment is conclusive proof in the absence of evidence of corruption, fraud or palpable mistake appearing upon its face that the contract was completely performed, but it does not shut out a claim for damages by the owner for a breach of an express warranty.

Where a contract provides that final payment shall be made upon the certificate of the architect, the production of the certificate is necessary to a recovery, unless its production is waived, or it appears that it has been unreasonably refused.

ACTION to foreclose mechanic's lien.

Plaintiff was a subcontractor for mason work under defendant Rapp, the contractor for the construction of a paper mill for the defendant Flower City Tissue Mills Company.

Plaintiff claims that the contractor represented that the excavation would consist of earth and gravel and the owner claims that plaintiff failed to make the walls watertight and asks for damages.

Plaintiff did not find sufficient gravel on the site to do his work and found the excavation to be largely hardpan instead of earth and gravel.

The specifications contained a detailed description as to how the concrete should be made and the walls built and the waterproofing done.

William W. Armstrong, for plaintiff.

William MacFarlane, for defendant Rapp.

Lewis, McKay & Bown (Carleton F. Bown and Arthur C. Smith, of counsel), for defendant Flower City Tissue Mills Company.

RODENBECK, J.   The subcontractor, Kuhs, claims that he found hardpan in the excavation to be done under the contract and that it was represented that the soil was made up of earth and gravel and also that it was represented that there was sufficient gravel in the excavation and on the premises for use in making concrete, and the owner, the Flower City Tissue Mills Company, claims that the foundation walls of the building were not made watertight as required by the contract and that it is entitled to damages against the contractor for his omission to make the walls watertight.

The ultimate guide in determining whether or not there can be a recovery for the extra cost of doing work under a contract is the contract itself.   It is always a question of the intention of the parties and it is this fact which gives rise to the difficulty of reconciling some of the cases.   No two contracts are exactly alike and a difference in the language may make inapplicable a decision under some other contract.   It may be said, however, that if there are positive representations in a contract as to the conditions, character or nature of the work amounting substantially to a warranty, there may be a recovery based upon such representations (*Hollerbach* v. *U. S.*, 223 U. S. 165; *U. S.* v. *Sage Co.*, 199 id. 414), and this may be true even though the contractor was required to make investigations and satisfy himself upon these matters.   On the other hand, the representations may be such that it was clearly the intention of the parties that the contractor should rely upon his own investigations and examinations and in such cases he can-

not recover upon the representations. *Leary* v. *City of Watervliet,* 222 N. Y. 337; *Sullivan* v. *Sing Sing,* 122 id. 389. There may be representations and still the contractor will be denied a recovery because his bid was a gross bid for the entire work. *Lentilhon* v. *City of New York,* 102 App. Div. 548. A recovery may be had where the representations made are fraudulent even though the contractor is required by the contract to make independent investigations (*Christie* v. *U. S.,* 35 Sup. Ct. Repr. 565), but by far the greater bulk of the cases upon this subject falls under the head of work or material furnished outside of the contract. A recovery may be had in this line of cases where the work was to be carried to bed rock, for instance, and the contractor was made to carry it below that point (*Faber* v. *City of N. Y.,* 222 U. S. 255); where there was an erroneous direction of an engineer which required extra work (*Borough Construction Co.* v. *City of New York,,* 200 N. Y. 149; *Messinger* v. *City of Buffalo,* 21 id. 196; *McCann* v. *City of Albany,* 11 App. Div. 378; *Gearty* v. *City of New York,* 171 N. Y. 61); where there were unauthorized changes in plans which required extra work (*Dwyer* v. *City of New York,* 77 App. Div. 224), and, generally, where the contractor was required to do work which did not come within the scope of that called for by the contract (*Horgan* v. *City of New York,* 160 N. Y. 516).

The first claim of the subcontractor is that he encountered hardpan in the excavation where it was represented that there were earth and gravel and that he is entitled to recover for the additional expense in excavating the hardpan. The specifications provide that " good gravel will be encountered in the excavation, etc.," but contain no representations as to the extent of the gravel. They provide, on the contrary,

that if sufficient gravel should not be found in making the excavation or on the premises the subcontractor shall furnish equally good gravel. The contract further requires the subcontractor to make a careful examination of the premises and to note existing conditions and provides that the tendering of the proposal will be a sufficient guarantee that such an examination has been made. There are here no such representations as will form the basis of a claim for the extra expense of excavation.

This conclusion applies to the subcontractor's claim for the additional cost of procuring gravel. There is no representation in the contract that he would find sufficient gravel with which to fulfill his contract. The specifications say that good gravel will be encountered, but that if sufficient gravel is not encountered he is to supply whatever is necessary. The specifications do not say that enough gravel will be found to make the concrete work, but quite the contrary. A comparatively small quantity of gravel was found on the premises but it proved insufficient. Under the rule above mentioned and the cases illustrating the application of the rule the subcontractor is not entitled to recover for this item. In order to enable him to recover he must show that there was a representation that there was sufficient gravel on the premises to fulfill his contract. All that the specifications say is that some gravel will be found in the excavation. The language of the specifications put him upon notice and required him to make an investigation and having failed to do so he cannot be heard to complain.

The claim of the owner rests upon the clause in the contract that the waterproofing shall be watertight. It is claimed that one of the walls has cracked and is not watertight. This claim rests upon the language of the contract and specifications just as does that of

the subcontractor. The specifications provide how the walls shall be built and how the waterproofing shall be done and the subcontractor was required to build them in that manner. If they proved not to be watertight it was no fault of the subcontractor, provided he complied with the specifications, but was the fault of the designer of the plans for which the owner cannot recover in this action. Where a contractor agrees to produce a certain result he is responsible if the result is not produced, but where the owner assumes to specify the manner of construction to produce the result, the owner assumes the responsibility if the work does not turn out as expected. If the plans are insufficient to produce the result desired the contractor is not responsible if he carries out the plans. It is claimed that there were no expansion joints in the walls and that they were not properly buttressed, pilastered or supported and that they therefore sprung, checked, cracked and leaked. This was a fault of design and not of construction and the contractor is not liable if the walls proved not to be watertight. *MacKnight Flintic Stone Co.* v. *City of New York,* 160 N. Y. 72; *Tidewater Building Co.* v. *Hammond,* 144 App. Div. 920; *Dwyer* v. *City of New York, supra.* An owner under a building contract cannot recover damages for failure to produce a given result where he has specified the manner in which the work shall be built to accomplish that result. 9 C. J. 745, § 81. Where an owner specifies how foundation walls shall be built and waterproofed the contractor does not warrant that they shall be watertight though the contract represents that they shall be watertight.

The contracts provided that the payments should be made on certificates of the architect. The subcontractor obtained a final certificate but no such certificate was issued to the principal contractor. A final

certificate issued to a contractor is conclusive. in the absence of evidence of corruption, fraud or palpable mistake appearing upon its face that the contract was completely performed (*Condict* v. *Onward Construction Company,* 210 N. Y. 88) although it does not shut out the claim of the owner for a breach of an alleged express warranty. Id. The architect's certificate, however, cannot be unreasonably refused and where it is unreasonably refused a recovery may be had notwithstanding its absence. *MacKnight Flintic Stone Co.* v. *Mayor, supra; Weeks* v. *O'Brien,* 141 N. Y. 203; *Excelsior Terra Cotta Co.* v. *Harde,* 90 App. Div. 4, 8. The absence of the architect's final certificate therefore is not a bar to a recovery by the principal contractor in this case and the certificate issued to the subcontractor is conclusive as to the complete performance of the contract and, in the absence of any breach of an express warranty, entitles both of them to recover for moneys due them under the contract.

The contractor and subcontractor are each entitled to recover the amount due them, and the claims of the contractors for extra work and of the owner for damages for breach of contract are each denied, with costs to the plaintiff and to the defendant Rapp.

Ordered accordingly.