**794** AJAX DRAINAGE CONTRACTING CORP. *v.* CITY OF NEW YORK.

Supreme Court, July, 1925. [Vol. 125

---

AJAX DRAINAGE CONTRACTING CORPORATION, Plaintiff, *v.* CITY OF NEW YORK, Defendant.

Supreme Court, Queens County, July 3, 1925.

**Municipal corporations — contracts — action to recover damages for breach of contract arising from extra work caused by change in plans for construction of sewer — plans changed at direction of defendant's engineer after execution of contract, but before work begun, against protest of plaintiff — plaintiff entitled to recover in absence of evidence showing collusion.**

If a municipality, through a representative, without collusion and against the opposition of a contractor holding a municipal contract, requires said contractor to do something as covered by his contract, and the question whether the thing required is embraced within the contract is fairly debatable, said contractor may comply with the demand under protest and subsequently recover damages, even though it develops that he was right and that the thing required to be done was not covered by his contract.

Accordingly, plaintiff, holding a municipal contract for the construction of a sewer, is entitled to recover damages for the breach thereof, arising from extra work caused by a change in the line of the sewer, where it appears that the plans were changed at the direction of an engineer of defendant municipality after the execution of the contract but before the work had begun, against the protest of the plaintiff; that there was presented to said contractor a fair question as to whether the directions of the engineer were justifiable under the contract provisions; and that there was nothing to indicate lack of good faith upon the part of the engineer.

ACTION brought to recover damages for breach of contract.

*George W. Titcomb* [*Theodore H. Kenworth* of counsel], for the plaintiff.

*George P. Nicholson*, Corporation Counsel [*Charles Horowitz* of counsel], for the defendant.

HAGARTY, J.:

The plaintiff undertook the construction of a sewer in Corona avenue, borough of Queens, city of New York, along certain prescribed lines, pursuant to a contract made between the parties in July, 1918. The contract provided that the line of the sewer might be changed by the borough president, provided such changes did not materially affect either the character or the amount of the work or the conditions under which it was to have been performed. There was also a provision that the contract might " be modified and changed from time to time as may previously be agreed to, in writing between the parties hereto, in a manner not materially affecting the substance thereof or increasing the contract price thereunder in order to carry out and complete more fully and perfectly the work herein agreed to be done and performed; " that no claim should be made for additional work unless before the performance thereof it was authorized in writing by the borough president and should not exceed five per cent of the contract price, and that all claims for extra work should be made in writing to the engineer before the fifteenth day of the following month, and failing to make such claim within the time required the rights of the contractor to additional pay " shall be deemed to have been waived and forfeited." Concededly, there was no modification of the contract in writing; no extra work was authorized in writing; nor was a claim in writing made for the value of it. Before the commencement of the work the line of the sewer was changed by the engineer in such manner that it materially affected the character, the amount of work to be done and the conditions under which it was to have been performed. Plaintiff disclaims that it is suing to recover the value of extra labor and materials or that it is suing upon the contract. The plaintiff in its letters to the president of the borough of Queens, dated respectively August 23, 1918, and August 26, 1918, protested against the change on the ground that " it materially increases the cost of construction over the work as originally laid out and bid upon by us and calls for work not included in our contract." There is a rule of law that " where the municipal representative, without collusion and against the contractor's opposition, requires the latter to do something as covered by his contract, and the question whether the thing required is embraced within the contract is fairly debatable and its deter-

mination surrounded by doubt, the contractor may comply with the demand under protest and subsequently recover damages even if it turns out that he was right and that the thing was not covered by his contract, and, on the other hand, if the thing required is clearly beyond the limits of the contract, the contractor may not even under protest do it and subsequently recover damages." (*Borough Const. Co.* v. *City of N. Y.*, 200 N. Y. 149, 157. See, also, *Gearty* v. *Mayor, etc.*, 171 N. Y. 61; *Lentilhon* v. *City of N. Y.*, 102 App. Div. 548; affd., 185 N. Y. 549; *People ex rel. Powers & Mansfield Co.* v. *Schneider*, 191 id. 523.) The effect of this rule is to permit litigants to recover a compensation for extra work, while the action is theoretically for a breach of contract, and the sole question for determination here is whether or not this rule applies. Further, to quote again from the opinion in *Borough Const. Co.* v. *City of N. Y.* (*supra*), " the underlying justice of the principle is that where a municipal representative having authority to speak for it and supposed to be familiar with such matters in apparent good faith and with a show of reason requires a contractor to do certain things as covered by his contract, the contractor although protesting against the requirement ought not to be compelled to refuse obedience and incur the hazard of becoming a defaulter on his contract even though it shall subsequently turn out that he was right and the municipal representative wrong in the dispute. The theory involves the idea that the requirement of the municipal representative finds some reasonable basis in the contract and that the question whether his demand is proper or improper is one which may be the subject of some doubt and debate and in respect of which the contractor might prove to be mistaken if he should refuse to do what was required of him, and there is no justification for applying it where the municipal representative requires something which is so palpably and manifestly beyond the provisions of the contract that the contractor would not be confronted by any of the legal perils of an erroneous decision if he should refuse to obey." There is no question in this case of the honesty or good faith of the engineer. In my opinion, the plaintiff in this case was confronted with a dilemma, and upon the uncontradicted evidence there was " fair room for debate as to whether the directions of the engineer were or were not justified by the contract provisions," as was stated by Carr, J., in *Molloy* v. *Village of Briarcliff Manor* (145 App. Div. 483, 492), which justified its proceeding with the work along the new lines. Judgment for plaintiff.