Joseph C. Dearstine, Plaintiff, *v.* Fayette D. Dunckel and
Others, Defendants.

Supreme Court, Albany County, December —, 1926.

Contracts — building contract — contract implies that building will be
level — contractor must place foundation on firm basis in absence of
details as to footings — sinking of building waived by owners by modifi-
cation of contract — waiver of substantial performance considered
though not pleaded.

A contract for the construction of a house implies that the house when constructed
will be practically level, and in the absence of any details in the contract and
specifications as to the placing of the footings of the building and the character
of the soil or fill upon which they must be placed, the risk of defective con-
struction arising through the instability of the soil under the house is upon the
contractors for it is their duty to construct the building upon solid ground.

However, the defect in the house in question arising from the fact that the wall
on one side settled so that the house was not level was waived by the owners
and they are estopped from asserting it since, when they learned that the building
was settling, they interfered with the contractors and required them to do certain
work to remedy that defect.   By the acts of the owners the contract was modified
especially in view of the fact that they refused to make payments until this
work was done and did make payments after the foundation was strengthened
in the manner they directed.

Although waiver of substantial performance is not alleged herein, nevertheless
it may be considered as a basis for the decision herein since evidence thereof
was introduced without objection on the trial.

Action to foreclose a mechanic's lien.

*Nathaniel B. Spalding,* for the plaintiff.

*Henry J. Crawford,* for the defendants Dunckel.

*Charles E. Brennan,* for the defendants Staley and Boppert.

*Poersch & St. Louis,* for defendants Bowers and Frank.

Staley, J.   This is an action to foreclose a mechanic's lien on
premises known as 105 Ryckman avenue, Albany, N. Y., owned by
Fayette D. Dunckel and Sarah V. Dunckel.   The claim of the
defendant owners is that the contractors failed to perform their
contract in a good and workmanlike manner, and that the last
payment, amounting to $3,000, has not been earned.

The contract, plans and specifications were drawn by the con-
tractors, Frank & Bowers.   They provided for the erection of a
dwelling house.   Work was started in the winter or late fall.   During
the progress of the work the house began to settle, until it was out
of level about six inches, the front being lower than the rear of the

building.    In so far as the quality of the material and the work upon the building itself are concerned, the contract was duly performed. The real difficulty in the case is whether the foundation was properly placed.    The contract required the foundation wall to have a firm footing of concrete of a certain size.    Somewhat larger footings were provided.    The ground underneath, however, was not of sufficient stability to support the building.    Considerable evidence was given as to the cause of the settlement of the building, but I have concluded, on all the evidence and circumstances, that the footings in the front of the building were placed upon filled ground unsuitable to support the weight of the building.

It was implied in the contract that the contractors should build a structure practically level.    If at the time of making the contract the attention of the parties had been called to this feature of the structure, there can be no question that they would have assented to it.    (*Genet* v. *President, etc., Delaware & H. Canal Co.,* 136 N. Y. 593, 609.)    A level structure was the result contemplated by the parties, and under the contract, plans and specifications such a result was required of the contractors.

If the contract, plans and specifications had provided in detail as to the placing of the footings of the building and the character of soil or fill upon which they were to be placed, the risk of defective plans would rest with the owner.    (*Kuhs* v. *Flower City Tissue Mills Co.,* 104 Misc. 243.)    The plans here involved were silent as to the method of construction of the foundation.    It was, therefore, the duty of the contractors to construct it upon solid ground, so as to produce a level structure, even though it might have been necessary to make greater excavation or more substantial fill. (*Tompkins* v. *Dudley,* 25 N. Y. 272.)

While it was the duty of the contractors to construct a building practically level and plumb, the conduct of the owners was such as to waive the defect, and to be estopped from now asserting it. After the owners learned of the settlement of the building and while it was in progress of construction, they actually interfered with the work on the building, and required the contractors to underpin the foundation and to jack up the building.

The contract was modified by this requirement and the acts of the contractors in accepting and performing under it.    The owners refused to make the payments on account of the contract until this work was done, and made payment after the foundation had been raised and strengthened in accordance with their direction.    Such conduct on the part of the owners is inconsistent with a rejection of the work, and by it they waived the defective construction of which they now complain.    (*Fallon* v. *Lawler,* 102 N. Y. 228; 6 Cyc. 23.)

Although the pleadings of the plaintiff and of the defendant lienors and contractors do not allege a waiver of substantial performance, based upon a modification of the original contract, evidence relating to it was introduced without objection on the trial, and it was one of the issues tried, and constitutes a valid basis of fact for decision. (*Fallon* v. *Lawler*, 102 N. Y. 228; *Brady* v. *Nally*, 151 id. 258; *Burrowes Co.* v. *Rapid Safety Filter Co.*, 49 Misc. 539, 545.)

My conclusion is that strict performance of the contract was waived; that the owners are not liable for the cost of extra work for the excavation and construction of the piers, and for the labor and material in digging tunnels to drain the cellar, and for making cesspool boxes amounting to the sum of $54; that the amount due and owing on the contract is the sum of $3,000, with interest, plus $354.42, the value of extra work; that, as between the liens filed, the lien of Boppert & Staley is entitled to priority, and that the judgment direct that the pleadings herein be amended to conform to the proof.

Decision may be submitted accordingly.