BENJAMIN SHAPIRO, Doing Business under the Name of AABORN COMPANY, Appellant, v. GEORGE F. DRISCOLL COMPANY, Respondent.

First Department, June 4, 1943.

*Harry Becker* of counsel (*Harold M. Steinmetz,* attorney), for appellant.

*Walter Jeffreys Carlin* for respondent.

*Per Curiam.* The terms and specifications of the contract were so clear as to make it impossible as matter of law to claim that they contained an ambiguity which would justify submitting that question to a jury. Since there was no ambiguity in the contract, the conversations between the subcontractor and the architects raise no issue which should have been further litigated.

The judgment should be affirmed, with costs.

Cohn, J. (dissenting). The court erred in dismissing plaintiff's complaint at the close of the trial as there were issues of fact which should have been submitted to the jury for determination.

Plaintiff, a plastering subcontractor, in this action seeks to recover the sum of $3,069 for extra work and materials furnished for the benefit of defendant, who was a general contractor engaged by the city of New York to erect a building. The subcontract between the parties incorporated, by refer-

ence, plans and specifications made by the architects; plaintiff was to do all of the plastering work in accordance with such plans. Plaintiff testified that in preparing his bid, he had failed to include the finishing plastering work designated as No. 5 in the so-called "Finish Schedule" attached to the plans. This came about because, as plaintiff contends, the use of the abbreviation "do" for the word "ditto" upon the plans and drawings filed by the architects was misleading and ambiguous. In reading item No. 5, plaintiff claims he read horizontally from left to right, and not vertically. The ditto abbreviation he believed referred to the second column where the words "concrete plywood forms" appear and not to the words "cement plaster" which are printed immediately above the letters "do." The abbreviation for "ditto" might have been used in other places on the same schedule in referring to items immediately above it, but, significantly enough, was not so employed in some of these places.

That plaintiff in good faith believed he was not obligated to do the finishing work required by item No. 5 unless he was paid for it as extra work is indicated by the letter which he sent to defendant before doing the work, stating that there was a misunderstanding about the true construction and meaning of "Finish No. 5." As a result of the controversy, a meeting was had on the job with Mr. Morrissey, a representative of the architects; Mr. Doyle and Mr. Kennedy, representatives of defendant; Mr. Demarest, a representative of the city; and plaintiff. At that meeting, according to plaintiff, Mr. Morrissey agreed that the plans were ambiguous with respect to "Finish No. 5," and he stated that defendant should pay plaintiff additionally for this work. Thereafter, and before he had begun the claimed extra work, plaintiff advised defendant by registered letter of the architects' ruling that "if you did not include Finish No. 5 in your cost he would pay for same in order that you pay us. He ruled also that if you did include such cost in your original sheet, then you pay us for same."

At the trial, the architects and others present denied that plaintiff had given a correct version of what occurred at the meeting. However, we think that if plaintiff's testimony is given credit by a jury, he would be entitled to prevail.

Damages may be recovered for extra work, where, as here, a subcontractor, after notice by him of disclaimer, is required to proceed with the disputed portion of the work. He is not in the circumstances here disclosed obligated to assume the risk of the breach of his contract. (*Collins* v. *State of New York,* 259

N. Y. 200, 205; *Borough Const. Co.* v. *City of New York,* 200 N. Y. 149, 156.)

Though the agreement provided that no work should be considered " extra " unless a written order from defendant had been obtained therefor, there was evidence from which a jury could have found that such a requirement was waived. Whether Doyle, defendant's representative, was vested with the necessary authority to bind defendant was also a question of fact for the jury. The pertinent rule is stated in *Hedeman* v. *Fairbanks, Morse & Co.* (286 N. Y. 240) by RIPPEY, J., at page 248: " But where no written authority of the agent has been proven, questions of agency and of its nature and scope and of ratification by or estoppel of the principal, if dependent upon contradictory evidence, or evidence, though not contradictory or disputed, from which different inferences reasonably may be drawn, are questions of fact to be submitted to the jury under proper instructions by the court."

Accordingly, we dissent, and vote to reverse the judgment appealed from and for a new trial.

MARTIN, P. J., TOWNLEY and UNTERMYER, JJ., concur in *Per Curiam* opinion; COHN, J., dissents and votes to reverse and grant a new trial, in opinion, in which DORE, J., concurs.

Judgment affirmed, with costs.