*807 Foster, F. J., Deyo and Santry, JJ., concur; Brewster, J., dissents in the following memorandum in which Heffernan, J., concurs: Under undisputed evidence and facts found by the court below, a breach of contract on the part of the State was disclosed as a matter of law. This occurred on or about April 16, 1936, when the State positively refused to give the contractor a supplemental contract for the performance of the extra work which was occasioned by the flood. At that time there is no evidence whatever but that the contractor was in the due performance of its contract. Actual work was at that time in suspension, due to seasonal reasons, by order of the State. That the flood occasioned extra work has been abundantly proven and seems clearly to have been found by the court below in its findings that the cost of its performance was not properly chargeable to the cost of completion. The findings that the highway was not improperly designed does not obviate the findings that the reperformanee of the completed work, occasioned by the flood, was extra work. The flood was a matter which was foreseen by the State when it designed the new highway. The contractor constructed it as designed and specified and excavated the river channels as directed. It was not foreseen that the flood would undo what had been completed. Thus in any view of the evidence extra work came into being. Being extra work, the contractor was not obliged to risk its demanded performance under protest and later take his chance on recovering payment therefor. When the State directed its performance the contractor rightfully demanded a supplemental contract, and in refusing it the Stater breached its engagement at which time the action at law, upon which the claim is founded, arose. (Borough Constr. Co. v. City of New York, 200 N. Y. 149; Collins v. State of New York, 259 N. Y. 200; Kent Constr. Co. v. State of New York, 212 App. Div. 197, 203; Carder Realty Corp. v. State of New York, 260 App. Div. 459, affd. 285 N. Y. 803.) [192 Misc. 464.]