MARLBORO CONSTRUCTION Co., INC., Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 30771.)

Court of Claims, May 21, 1952.

*Harry K. Nadell* for claimant.

*Nathaniel L. Goldstein, Attorney-General* (*David Marcus* of counsel), for defendant.

SYLVESTER, J.   Claimant entered into a written agreement with the Federal Government on June 6, 1949, for the construction of a National Guard motor storage depot at Patchogue, Long Island.   The Federal authorities having delegated to the State of New York the supervision of the job, claimant, in the course of the construction, performed certain plumbing work at the direction of the State's architects which it asserts was not specified in the contract drawings and for which it now seeks extra compensation in the sum of $2,206.16.

The State urges that it has no contract with claimant who, concededly, made its agreement with the Federal agency; that the State acted solely as agent of the United States; and that therefore no privity of contract existed between the State and the claimant.

Upon the facts here, these contentions must be sustained. Moreover, no contractual liability may be imposed upon the State except in the manner prescribed by the statute (State Finance Law, § 112) which requires the Comptroller's approval. Here, not only was there no contract with the State, but also no approval by the Comptroller to give it effect had there been one.   Recovery may not be had upon the theory of " extra work " or breach of contract (*Borough Constr. Co.* v. *City of New York,* 200 N. Y. 149) since there was no valid existing contract between the parties which, in these circumstances, is an indispensable *sine qua non* to liability and recovery.

Accordingly, there must be judgment for the State dismissing the claim.