Irwin M. Berliner et al., as Trustees under the Will of Bernard London, Deceased, Claimants, *v.* State of New York, Defendant. (Claim No. 31381.)

Court of Claims, September 25, 1953.

*James F. Donnelly, Sidney Segal* and *Lyon Boston* for claimants.

*Nathaniel L. Goldstein, Attorney-General (Burns F. Barford* of counsel), for defendant.

MAJOR, J. This claim arises out of the permanent appropriation of lands, premises, easements, rights and privileges by the State of New York for the purposes of the Taconic State Parkway, pursuant to subdivision 16 of section 676-a of the Conservation Law of the State of New York, as amended. The appropriation of the rights and easement described in the claim herein became complete and the title to same was vested in the People of the State of New York on February 9, 1951.

The original amount demanded in the claim for the value of the easement, rights and privileges in the right of way taken and appropriated from the dominant estate, owned by the claimants as trustees under the last will and testament of Bernard London, deceased, and the consequential damage resulting to the dominant estate by reason of such taking, was $5,000. At the beginning of the trial, the claimants' attorneys moved to amend the claim to increase the demand to $8,000, which motion was granted. The claimants offered evidence to substantiate damages in the sum of $8,000. By stipulation dated May 28, 1953, between the attorneys for the claimants and the State, filed with the Clerk of the Court of Claims on June 19, 1953, the amount of the demand was reduced to $5,000, as originally demanded.

At the commencement of the trial of this action, claimants also moved to amend the claim so as to include an additional cause of action for $5,000 on a contract stated to have been made between the claimants and the Taconic State Park Commission. Objection was made to such amendment by the Attorney-General, and decision was reserved. Such contract dated March 24, 1950, offered in evidence as claimants' exhibit No. 11, appears to be an agreement on the part of the claimants herein as owners of the premises involved to sell the same to the State of New York, through the Taconic State Park Commission, for the sum of $5,000. The contract seems to be properly executed, except that it does not have the approval of the Comptroller of the State of New York, which the State contends is required by section 112 of the State Finance Law.

No claim for breach of said contract or written notice of intention to file one, as required by subdivision 4 of section 10 of the Court of Claims Act, was filed by the claimants, although more than two years elapsed since its execution and the accrual of a cause of action under its terms. Moreover, such contract does not conform with section 112 of the State Finance Law, and is not a binding contract on the State of New York. (*Belmar Contr. Co.* v. *State of New York,* 233 N. Y. 189; *Marlboro Constr.*

*Co.* v. *State of New York,* 201 Misc. 647; *Long Is. R. R. Co.* v. *State of New York,* 185 Misc. 646.) Such document not being valid does not constitute a meritorious cause of action and claimants cannot be relieved of their default in filing such claim. (*Siegel* v. *State of New York,* 262 App. Div. 388.) Therefore, such application to amend the claim is denied.

The acceptance of such contract as evidence to establish the value of the property appropriated is denied. (*Hopkins* v. *State of New York,* 276 App. Div. 945; *Long Is. R. R. Co.* v. *State of New York,* 199 Misc. 1063.)

For the purpose of valuation, an easement is to be considered as appurtenant to the dominant estate. Together they constitute a single entity. The taking of this easement cuts off the right of access of claimants to the Taconic State Parkway, and extinguishes the right of ingress and egress thereto by means of such easement. It took away from the dominant estate the added value which it had as a consequence of the ownership of this easement. The value of the easement cannot be ascertained without reference to the dominant estate to which it was attached. (*Matter of City of New York* [*West 10th St.*], 267 N. Y. 212, 222.) The dominant estate in this case consisted of 169 acres, more or less.

The court awards the claimants the sum of $5,000, with interest thereon from February 9, 1951, except for the period from August 9, 1951, to July 1, 1952, as set forth in the findings filed herewith.